Your Honor, good morning, and may it please the Court, Simon Sandoval Moshenberg for the Appellant, Sunday Egahi. Yes, thank you, Your Honor. I think at the end of the day, once we get past the fact that certain things were done by email and not on the docket, which I'm certainly happy to discuss with the Court, but I think once we get past that, at the end of the day, this case represents a fairly straightforward application of gay versus wall, which is the Fourth Circuit case from 1985, which holds that for a district court to convert a Rule 12b motion to dismiss into a summary judgment motion, there must be a reasonable opportunity, and the reasonable opportunity requires that all parties be given some indication that that's what's happening. So what happened in this case was that after the complaint was filed prior to the filing of a motion to dismiss, a motion to dismiss was filed and fully briefed, motion, opposition, reply. The Court did not schedule oral argument on that motion. And then in deciding the motion to dismiss, the district judge asked the government to provide both the underlying USCIS and administrative appeals office decisions at issue and also the administrative record, right? So essentially provide to the Court everything that's going to be provided because this is an APA case. It's going to go solely off of the administrative record. The government promptly provided the USCIS and the AAO decisions and then you know, with your leave, we're going to need another 30 days to compile the administrative record. The Court replies, sure, that's fine. You can have another 30 days. And then about 15 days thereafter, issues a memorandum of opinion granting the motion to dismiss on jurisdictional grounds 12b-1. So there was no reasonable opportunity for appellant, the plaintiff below, to respond, to brief, right? And of course, the memorandum of opinion is loaded up with quotations from the USCIS and the AAO opinions and really relies on those. So for that reason alone, I think a remand is appropriate so that the parties can have opportunities, the opportunity to brief this case, you know, based on the actual record before the Court. I think Appellee's only response to that is, well, you're raising a new issue on appeal. You can't do that. And it's, of course, it's correct that you can't raise a new issue on appeal, but precisely the whole problem is that there was no opportunity to raise this before the District Court. The only way to do that, I suppose, would have been through a motion under Rule 60, but that's not something that's available as of right, right? That's sort of a, especially in a case of this nature, you know, we're not alleging fraud, we're not alleging new material facts or anything like that. A Rule 60 motion would be very discretionary. And I think it's pretty analogous to the Santos-Zachariah case from the U.S. Supreme Court. And I confess we didn't cite this in our reply brief, but it's a 2023 case from the U.S. Supreme Court on the context of a petition for review from the Board of Immigration Appeals in which the Supreme Court says, well, you don't have to exhaust discretionary motion to reconsider, right? You can, you can, if your contention is that there was error, you can just take a, you know, a direct appeal to the Court of Appeals and you can raise that error before the Court of Appeals in the first instance. Might it have saved us all a lot of time if the attorney had filed a Rule 60? Do we naturally think that the agency exhaustion applies to, like, issue preservation? I mean, that, those don't naturally, obviously I haven't read Santos-Zachariah, but those don't naturally, like, seem to ask the same question, like one sort of a separation of powers concern, right? And the, right, and my, help me understand why I ought to think about those two the same way, such as we would, I mean, I think you're suggesting that we say any time that the district court has discretion, you don't have to raise that issue because you can raise it for the first time on appeal. That seems like a pretty broad line for us to draw. No, I think actually my argument, Your Honor, is almost the reverse of that. It's the flip of that, which is to say, you know, if this was a matter that was committed to the sound discretion of the district court, you know, it would be an abuse of discretion standard on appeal, but the argument that... No, you're making the argument that Rule 60, because Rule 60 is only discretionary, you don't have to make that argument below. You get to make it for the first time on appeal. You have to make it for the first time on appeal. You can't just say, well, I think it was plainly entitled to do, that is reconsider its decision under this theory that you had, but instead, you can just say, well, Rule 60 has some discretion, but the district court judged, so I don't have to preserve it there. I can sandbag it and just take it up. Well, Your Honor, I don't think it's sandbagging here. I think... I don't mean that as a pejorative, right? I just mean as a descriptive matter. I understand. I'm not familiar with any case, and the appellees certainly have not cited any case in which the court of appeals held that a Rule 60 motion was mandatory before taking a case up on appeal. Especially given the facts of this one, given what we put in the record on the posture of the motion to dismiss with regards to the representation below, I wouldn't think that this is the proper case in which to introduce that rule for the first time that a Rule 60 motion is mandatory, where we're arguing legal argument, right? Of course, if the argument is some kind of factual argument, some kind of... Can you address the premise, too? Why under 12b1, they weren't entitled to consider these decisions? Certainly, Your Honor. I mean, I get it. You go way outside the record, but these are decisions that are sort of integral to the complaints, you might say, like on a 12b1. Tell me why on 12b1 the premise is right. Your Honor, I think that under 12b1, leaving aside any issues with authenticity, for example, which is certainly not an issue here, under 12b1, it can be considered integral to the complaint if it's a matter of public record, right? And so I don't think that... What about a contract? I thought we sometimes consider contracts, like in a contract action, we consider the contract itself to be integral to the complaint, and it's not part of the public record. Where does the public record requirement come from? I don't... Yeah, I mean, this is just the case law on when a district court can consider matters outside the pleadings on a 12b motion. A 12b1, of course, you know, takes two forms, right? It can take a attack on jurisdiction, or there can be a factual attack on jurisdiction. In a factual attack on jurisdiction, it's common and expected to include, you know, supplemental material. You can have affidavits, you can have evidence, what have you. But this was very clearly a facial attack on jurisdiction, which is held... This court has held in several cases that a facial... Kearns v. U.S., 2009, being the leading case, that a facial attack on subject matter jurisdiction is held to the same standard as a 12b6. Counsel, I'm sorry. I feel like I am just completely missing the premise here. So maybe with apologies, just explain. So this complaint gets filed, and it says the agency made mistakes when it denied me, denied my application. And you're saying it's not proper for the district court in adjudicating that to consider the agency decisions. Is that the argument? No, Your Honor. The district court can absolutely do that. And I apologize if I'm leaving that impression. But the means by which the district court has to do it is by giving the parties reasonable opportunity that it's going to do that, right? And the court did not do that until after all the briefing was in. And so there was no opportunity for the plaintiff below to respond to it, right? Not to notice too late, because I think in your opening brief, it was we didn't get notice. In your reply brief, it was like, okay, we got notice. And I thought we were done with this question. But now the argument is the notice came too late. Yes, Your Honor. I mean, candidly, the opening... I understand. I totally understand. This is the problem with doing things off of the PACER docket, right? I mean, this is why, especially if it's going to be so integral to the court's holding, you know, it needs to be filed on the record. But in any event, we are where we are with regards to the briefing. The position at this time is that the plaintiff below needed a reasonable opportunity to respond to these documents. And, you know, the only way by which that could have happened, especially given that the plaintiff, all the parties were under the understanding that the full administrative record was going to be filed, right? Because the requested both requested the decisions and then the administrative record, the decisions were provided, the government asked for an extension to provide the administrative record, the extension was granted, and then the decision was rendered prior to that. I think if this was a case in which, you know, for example, the full administrative record was provided, and then and then the court, you know, sort of took its time, I think the government would have, I think, a police would have a stronger argument, that there was a period of time in which plaintiffs should have filed a motion, right, should have filed a motion for leave to file supplemental briefing, what have you. But here, the plaintiff was caught completely unawares by the fact that a decision was about to be rendered, everyone thought that that more filings were going to occur, right, and then the decision would be rendered. And so for that reason alone, I think this court can find that there was no reasonable opportunity for the plaintiff to brief the, you know, candidly one viable issue in this case, right, which is this marital cohabitation requirement, which, you know, the agency as a matter of law, recognize that they were wrong, right? I mean, the timing is very interesting on that the administrative appeals decision in this case comes down. And then subsequent to that, but before all the briefing on the motion to dismiss, the agency actually flips its position on this issue, right, and says, you know what, actually, y'all are correct about this, we've been wrong all along, the statute does not require cohabitation during the marriage, it requires cohabitation at any time. So they flip their legal position on this. But then in this case, you know, they don't, they don't essentially give him the agency doesn't give him a new chance to show why under the expanded, you know, now correctly expanded legal standard, why he why he qualifies. That's, you know, jumping forward to the merits of everything, you're jumping forward to the merits of the APA underlying APA case. That's really what needed to happen here was that the agency, when it's denied the case based on a impermissibly narrow statutory interpretation, and then proceeded to expand its statutory interpretation as a result of district court orders around the country, the agency needed to give him another chance to show that he met the standard under the new standard. And in that respect, I would point out that the decision that matters here, as it were, is the AIO decision, because it's totally de novo review. So the underlying USCIS decision is not really what I mean, it's, it's of interest in that it's, you know, it's relevant background, but it's not the decision that's being reviewed here. The decision that's being reviewed by the district court is the AIO decision. Can I ask you a question? I appreciate your, I guess, your clarification candor and saying like, look, most of what is in this complaint is about the weighing of the evidence, there's no jurisdiction, but we think you can pull this strand out where there is jurisdiction, this legal question. And I would just say that my concern is that if I look only at the complaint, I feel like it, just practically speaking, it is acting, asking a lot of a district court judge to kind of pull this freeze out from the statement of facts. And in a context where, as you say, the agency has not yet changed its mind. So no one's sort of on alert for this issue. And there's no factual allegation that would suggest you're making this claim, right? There's no factual allegation that says, it's not like this one phrase is accompanied by a factual allegation saying, I actually did live with my spouse, but it was before we were married. I think it is asking a lot of a district court judge just looking at this complaint to kind of pull on this strand. Does your argument turn on the fact that there was also this brief, and that even though you can't amend a complaint from a brief, once you get the brief, you have more context for reading this one phrase in the complaint? Or would you be making the same argument even if there if this issue had not been raised in the brief? Your Honor, I mean, I certainly would agree with the Your Honor that the amended complaint is a mess. And the you know, the government sort of police correctly point out that there's basically 10 words in the amended complaint that sort of plead the legal issue that survives the 12 v. 1 jurisdictional challenge, right? As it were, this is why we have briefing on a motion to dismiss, right? So that the parties can sort of point to the court, what, you know, what they want the court to focus on, right? There is no question that if those 10 words were not in the complaint, and the plaintiff below tried to raise this issue on briefing, there's no question that that would be completely impermissible. Although I would point out that that would give rise to very good grounds to give motion for leave to amend the complaint, which is another issue we have in this case, right? What did the district court abuse its discretion by denying motion for leave to amend? But here it's it's in the complaint. I mean, it's no, I agree. So so I think we agree if it's just in the brief, but these 10 words aren't in the complaint. No. And I guess I'm asking you what if the 10 words are in here, but there's no brief or the brief doesn't raise this issue? Are you still saying, and I'm just sort of cards on the table? My discomfort is, you know, like, yeah, okay, I see it. But it's a lot to ask of the district court. It is your honor. And I think, you know, certainly, I'm not going to stand before you and argue that this was a very well plugged complaint. But I think it's just above the line. And I think that the function of briefing is precisely, you know, for that, right, there wouldn't be a situation in which a district court would ever be called upon to decide a 12 B1 or 12 B6, you know, solely by reading the complaint top to bottom and then not having briefing, right. And so therefore, it is certainly appropriate for the briefing to, you know, point out to the court, here's, here's what we think you can actually do in this case. Judge Gregory, do you mind if I ask one follow up to that? No problem. Go ahead. So what do I do about the fact that that the petitioner bears the burden to show that any error is prejudicial? Both in the context of like, whether it was adequately plaid? So as question one, which is most related to Judge Harris's question, and then question two, sort of, if we assumed through the line of suppositions here, that it was adequately raised, and that, you know, it was an error, what would I rely on to see how the petitioner met the burden to show that it was prejudicial, right? Because it's your burden, not not the government's to establish prejudice? Yes, Your Honor, I just think that that's the type of question that ought to be reserved to the district court. I don't think that this court ought to be deciding in the first instance, you know, whether the Well, we'll start with the first part of the question, which is, it's your burden. That means it's part of what you had to plead. What we don't see is anything that would support a prejudice piece in the complaint, right? If I'm reading the complaint, to sort of understand, have you adequately plaid a claim, right, effectively, and at most you've plaid there was an error, but no suggestion of prejudice. Just in a pure complaint matter, how do I get over that I think that's, to my mind, the pleading is just above the line of sufficient, but certainly if the district court found that it wasn't on on the prejudice, that would be precisely leave to amend territory, right? There are certain elements here. You haven't plaid one of the elements. We can't tell whether or not you're going to be able to plead one of the elements leave to amend because again, a facial 12 v one is always going to be six. But I mean, I think just the way that this should have gone, right, is that the district court, you know, when it requested those, those things from the agency, when it requested the underlying decision, and then when it requested the administrative record, needed to do one of things, right, either advise the parties, look, I'm going to enter a decision based on the decisions, right, I find that these decisions are integral to the complaint. And therefore, I find that it's proper for me to take them into account. I'm going to, I'm going to render my decision thereupon, you know, please brief it for me. Here it is brief, please. And at that time, you know, if the administrative record wasn't in, for example, the plaintiff below could have, you know, filed a 56 D, right, and, and said, Look, what, you know, we're not ready for this yet, because we actually need the underlying record. Right. And then once the underlying record is in, just let's just brief and all right, let's let the plaintiff show why, you know, why the agency got it wrong. There's, that's certainly one option the district court had, there's other options, there were a lot of ways that the district court could have could have done this right, right in, in compliance with rules 12 and rule 56. But the way that the district court did it, surprising the parties with a ruling when the parties were expecting that underlying administrative record was going to be filed, that little twist on it, denied reasonable opportunity, right, in the meaning of gay versus wall. And I'll just I know, I'm way over time at this point, but I do want to say that. I think that, you know, to the extent that our reply brief didn't lean as heavily on on on gay versus wall, as I'm doing now in argument, you know, we should be reserved, because that's what happened throughout the case, right? Yeah, I, well, I, as the court knows, I was certainly not the lawyer before the district court, but we certainly did preserve that argument for for review by this court. Thank you. Thank you, counsel. Mr. Young. Good morning, your honors. I guess I'll first jump to this, this first conversation piece regarding appellant's first, first issue here about the district court, whether or not they exceeded authority, and, and taking into account these decisions. And obviously, I don't have an response to gay versus wall today, because that was the first time I'm hearing of this, this argument, but pointing to page 11 of our brief, where we have two more recent fourth court decisions. And Judge Richardson alluded to this, which is the integral and often authentic nature of documents that are taken into consideration by the district court in an MTD process. And here, as my colleague has alluded to, there's no question of authenticity. This is the USCIS decision. This is the AO decision to dismiss the appeal. And the integral nature, the complaint is based on this USCIS decision. In the variety versus Crenshaw case, the fourth circuit in 2024, that that case hinged on a body cam footage that was alluded to and used by both parties, and then was considered in an MTD situation here, it's not obviously not body cam footage, but we're not talking about a new document, or something that was not specifically stated in the complaint. And so yes, gay versus wall is a fourth circuit decision, but 40 years ago versus two recent decisions, Goins v. Valley, and the Durati case 2024 and 2016, that say the district court has authority to consider these without motioning them to a motion for a summary judgment. And I guess one thing to point out as well in this gay versus wall case is a quick, I just did a quick lookup of what this case was about. And it was a decision that said, no, we should not be treating this as a motion for summary judgment, because there was no notice, not a motion to dismiss, treated as a motion, or the reverse. So I think this case does not apply here. And I think it's pretty clear that the plaintiff appellant knew this decision was out was what the complaint was based on. You know, the argument that there was no notice to respond, a briefing was submitted, yes, about eight or nine months, I think it was October of 2022, when the briefing was finalized. This email came out mid June, asking for the documents. Appellant's counsel had an ability at that point, previous counsel, I should say Mr. was not the counsel them, but they had the ability to challenge or question why the court was requesting those documents at that point, they did not do so once the documents were submitted to the court, they did not do so. And yes, we agree. It's a it was not on pacer. It's a weird way for the court to to work. But that's their authority to request those documents. And in the fourth circuit itself, that's not necessarily the issue here. And so with that point, just briefly touch on their third point in their briefing, which is the motion for leave to amend Mr. mushroom briefly touched on that, that, you know, that they they did not properly consider that the motion for leave to amend was based on further discovery, discovery that they would get what's motion to leave amend now, because we realized we didn't properly plead this, this, this phrase, this allegation of cohabitation, it was based on further discovery. And so even we have no evidence of the court didn't consider that. But even then there, there is, I've struggled to find a fourth circuit case, there is one at a southern district of New York that says, simple request for leave to amend within an opposition to a motion to dismiss is not proper, it's not procedurally proper, that that should be made in a separate filing, we have, we argued that in our brief, not necessarily that case. But it is a point to bring up that, you know, hidden within a motion, opposition to motion to dismiss, shouldn't be a procedural, procedurally accepted ability to motion to amend your complaint. And then moving now to that, and what we say is what we are saying is the crux of this argument is whether or not there was a proper pleading. As this course alluded to, it is a it is a 10 word phrase. There is that in the complaint in its entirety, as the district court alluded to reading through it carefully, there is no factual allegation to support this 10 word phrase that's found in in the middle of one paragraph. As as appellants, as, as we argued, the appellant didn't argue that within his the request for relief, the cause of action, nothing specifically states a challenge to the analysis, the USCIS analysis, they allude to here, it is all what I should say, it's all the very little factual allegations that they do, are you surround this weight and credibility of evidence, which are just court found is not not allowed to be reviewed under this jurisdictional bar. And turning Council, yes, you have a sense of what that standard ought to be. I'm, I'm very sympathetic to the idea that it would have been virtually impossible to expect a district court judge to read this complaint, and intuit that this argument was being made. But But what standard is it should, should I be thinking about when I'm doing that, it'd be very hard for a district court to do is not typically the way we think about these kinds of questions. Do you have a sense of like, what the bar is? I mean, in a 12 b six, we sometimes say is it enough to put the defendant don't notice? But you know, we're sort of a 12 b one, which is maybe more about the court. Do you have any insight for me on that? Yes, sure. I think that that specific note, the notation that you just made of a 12 b six versus 12 b one, we are at a 12 b one standard. And this is putting the court on notice. And I think I've searched trying to find any other case law where a sentence or a phrase in itself, does that put does that allude the court to enough to satisfy this Tommy of ball standard of a factuality allegation. And the only case that I found was out of CD cow, or SD cow, which is more of a true la vista. I'm not set in our briefs, and I can give you that citation. But in that case, they held that a single sentence did not hold enough of a factual allegation. So I think the bar here is is still building on this trauma about senators, is there enough to give the court reasonable inference. And when you're based this this phrase is 10 word based within only one paragraph, without any sort of factual allegation, as Judge Harris alluded to, there's nothing to say, they decided this, and this piece of evidence is wrong in that decision. They just vague assertions to the overall analysis of the evidence, the overall credibility of the evidence, and not even including the specific statutory, right analysis that they're saying was was wrong. Now, they did argue that within their motion, their opposition to motion dismiss, but it was three paragraphs. Once again, it was not a section within their motion to dismiss, it was not a beginning point. Oh, you know, we've, we've, we've missed this point here, let us let us touch on it. It was it was once again, woven into their argument that there's a credibility issue, and that there is a weight of evidence issue. So just to clarify, as to the brief, and whatever role the brief should play in looking at whether this issue is raised, your view is you could look at it to give context to the complaint. It's relevant, but it's it also does not do enough to put the court on notice. Yeah, yes, your honor. And the Fourth Circuit has affirmed that in, I believe it's Laboratories Inc. for ASCO in 1993, it's an older case. This is also a District of Maryland case that was affirmed in 2019. That, you know, a complaint may not be amended by briefs. It's been specifically an opposition to motion dismiss, that was a state farm case out of the District of Maryland, is that you cannot use the the opposition to motion dismiss to further an issue in a brief that you did not allege enough. And so, I'm sorry, I think you were giving, I think I fed you, I want to make sure I understand. I know that rule, and I think your colleague agrees. If the 10 words weren't in this complaint, it wouldn't matter if he filed a brief that had on the front cover, here's my issue, it's about finding this residence. It would not matter. But I guess my question is, in figuring out like the right context for looking at the complaint, like what is it, what would or would not put the court maybe on fair notice if we think the standard is somewhere in that ballpark? Is it fair also to look at the brief in terms of sort of context evidence for what is in this complaint? Do you know what I'm saying? Yeah, yeah, I think we, I think everyone agrees around it. And as my colleague pointed out, that the briefs themselves are to build up arguments to expand on the facts, expand on the law, expand on the regulations, right? That's us telling the court, we think this X, Y, and Z results in a decision. But I think here, you have none of that, right? The motion dismiss, and we do agree that, you know, this was not the most well written opposition to a motion dismiss or a complaint. You know, I think we, a lot of us have seen good and bad ones throughout our careers. And we can all acknowledge that. But the fact is that that doesn't, that doesn't measure into what the court should decide here, whether or not it was a good or poorly written brief, it's whether or not it met the standard. And, you know, you can explain X, Y, Z in your briefs all you want. But the fact is, they didn't either, right? The they didn't expound on that in their brief to a standard that would even kind of obviously didn't register with this, the district judge in this case, that they were arguing that the district court, the district court didn't even get into an alternative, you know, kind of decision on the 12 v. 6. Sometimes we will see that where a court goes, I'm ruling there's no jurisdiction. But also, you know, in case, in case that's not enough, we decide that this wasn't met here on a 12 v. 6. The court clearly read this as being not well, not planned enough to even allude to a question of law that would warrant a 12 v. 6 merit. So I think, yes, we can we can say that briefs do aid the court in expanding upon what we're trying to argue here. But in this case, that brief did not do that. And so the bar here is, it's hard for me to say what the bar actually is. But I would argue that a single phrase, not even a full, complete, compounded sentence would not warrant a 12 v. 6, meeting the 12 v. 6 standard here of a sufficient pleading. But then why was it necessary for the court to to go into the the record in the posture without notice and just said, let's say, I want the record. If that was the case, you know, that's I'm not sure exactly why. So I guess to preface that, I also was not the attorney of the below case. We don't take that in the fourth circuit. Whoever shows up is responsible. Right. Yeah, I understand that. Yeah, that's that's we we do understand that you're on the hook for it. But so that oftentimes we will include the we will include a little footnote saying, you know, please attach exhibit the decisions for whatever reason. They did not do that in their motion to dismiss. They didn't attach a decision. The court looking at the opinion, I would assume this is just an assumption here that they're requesting the decision as it was integral to the complaint. That's what the complaint was based on to get an idea of what the facts actually were in the case, just to kind of give themselves a little bit of acknowledgement here to what what did go on. Yes, they received that those decisions on the 28th and issued their opinion on the 12th. So that seems to me 20th of June. Sorry, 2023 issued the opinion on July 12th of 2023. So that appears to me that they already had an inkling of exactly what they were going to do when they requested those those documents. And then that may have just been a kind of a Okay, yeah, we are we are seeing this correctly. We are right here. Here's our our decision. But I not knowing not having any other communication with the court or any other documentation, the whole court wouldn't wouldn't fairness require him to at least have an opportunity. Because you're looking at things the court was looking at things that were there were factual disputes. First of all, they got it wrong as to what the requirement was. And it was that, well, you have to be cohabitating, doing the marriage, and other facts like that. And then you switch over. And then a few days, a week or so, then you file, you know, you grant a motion to dismiss, and all that change. So you a lot of talk about only 10 words, but then nothing on the other side in terms of what happened in terms of I don't know what I did and what I pulled from that. But here, I'm changing this now, without a chance to amend the completings or respond. I mean, this is a very important matter, whether or not this person gets, you know, to stay in the country. Those are those are big decisions. This is not some sort of a passerby sort of claim here. So, but yet, he's the he every ball drops against him, but not against anybody else in terms of got the standard wrong, and the district court goes in and look at the record. And, you know, follow through in terms of well, based on the response, wouldn't fairness allow at least that you may amend the pleadings or some hearing that respect of it. The court to say, well, I don't have jurisdiction, because I've determined now, outside of this sort of record, you know, and, and, and before me, at least for me, I'm determined it is near factual questions. Don't you agree that this factually speak because he had witnesses that say that when they live and those kind of things like that, how was that resolved? But your honor, first point to the regulation, the USCIS decision to deny his I 360 petition was made on the proper regulation at the time. The, the, the regulation, the argument there that the regulation changed is post the argument that occurs that, that, that there's Kate, the case law cited, talking about that occurred after the USCIS decision. So USCIS decision, apologies, occurs at what the regulation is at the time. So that this argument that there is, you know, he should have had an opportunity to, you know, allude to a change in position, that change in position, if I'm, if I'm correct, occurred during litigation. And, and so at any point that counsel would have had an opportunity to update the court, a supplemental notice that a change in litigation occurred, that never happened. And, and your, your point to that, this is a, you know, these facts of affidavits of, of the merits question really of, of, of the USCIS decision, that is not a jurisdictional question. You have to plead enough to get to the point where the court would consider those, those options. The court here decided that you did not sufficiently plead. So I agreed that if, if the court found that you were sufficiently plead, then yes, we would go into, we would go into that. It would be a 12B6 question of whether or not it was enough. And if that is decided, then yeah, you get to the certified administrative record. You go through the MSJ treatment of both sides arguing why it was not arbitrary and capricious. But once again, here, they state that it's arbitrary and capricious, but they don't state they don't state that the specific analysis of cohabitation was arbitrary and capricious. They don't, they rarely, they barely even state that the weight and credibility of evidence was arbitrary and capricious. And so understanding your point of fairness, but the fairness requires that you have to at least sufficiently plead to get to the point to argue what the facts and the, the evidence portray as, as, as it relates to your admissibility or eligibility for a specific visa petition. And that, that just did not happen here. And why was it, why was it, was it necessary then for the court to go in to request those documents? You said basically that that wasn't necessary, right? Is that your position? Well, I think the court could have looked at the complaint on its four corners based on the briefing and said that it's not sufficiently pled. I don't necessarily think the court had to go into that. They, they requested the documents for some reason. Like I said, I'm not privy to that information. And to me, it reads that they wanted more information, like just get background information on the case, because as we've stated, there was little to know besides the, I think there's five paragraphs. I think it's like six through 11, I think in the complaint that talk about the timeline of events. And that really was only, he applied, they, they denied, he appealed, they dismissed. There was no other factual allegations within the complaint to even, for the court to even kind of understand what was going on. Now the briefs did include some factual information, but the court, I think took it on their hands and say, we, we at least want to know what this decision is, or at least have a look at it to see what's going on. But I can't, I can't say one way or another why the court did that. But to, I know I have 30 seconds here just to... Have you ever been involved in a petition for review of an agency decision here that didn't involve the decision? I mean, it's like, it seems odd to me that we would even think about a petition for review of an agency decision without the agency's decision. Yeah. And you know, I see that my time is about to run out just to briefly answer your question. As I alluded to earlier, I personally have never filed a motion to dismiss in district court. And I've been with the DOJ for over almost five years now. That did not include at least attaching the decision to the motion to dismiss. And almost every circuit allows that sort of document to be attached because it's integral to the complaint itself. And that's with any APA argument, because you are arguing that the agency final, final agency action, which here would be the denial, is arbitrary and capricious in some, some stand there at some point. And that is almost impossible to look at without attaching the decision itself. So, you know, I think the court was right to look at it. I don't think they needed to look at it because the complaint itself was deficient and did not meet the standard. And so no further questions around. Thank you. All right. Thank you. Council. Thank you. Just to briefly respond to my colleague, we did cite gate versus wall in our briefing. It's it's a page 19 of the opening brief. And the plaintiff below actually did advise the court of this shift in the USCIS or this reversal in the USCIS policy. That's at page 62 of the joint appendix, the three paragraphs that have been referred to in the opposition to the motion to dismiss really pretty much all he does is tell the court actually USCIS has shifted its position on this and cites to the two or rather two of the three on point federal district court cases. So that that fact was certainly in front of the court that USCIS had shifted its position on this. Certainly, I mean, if I agree with Mr. Young on one thing and we actually agree on several things, I've filed half a dozen of these APA cases in district court, and I would never not attach the decision that I'm challenging to my complaint. So I think at core are our dispute or squabble with the district court is not that the district court chose to review the actual agency decision that is the subject of the litigation, but rather that the district court did not allow any briefing thereupon. Right. And just rendered a decision in a manner that surprised the parties and didn't give them reasonable opportunity to brief on the on the actual decision itself. At the end of the day, if the district court sort of was left with the impression. I'm sorry, just so I just really am trying to get my hands around kind of the practical issue, and I may be missing something important here, but did your client not have these decisions? Is that your argument that no one had seen these decisions? No, no, your honor. Okay. Brief them. I don't. What was stopping anyone from briefing the decisions then? But I mean, that they weren't, they weren't in the record. They weren't before the court, right? I mean, the client's alluding to them. I just practically speaking, I'm trying to figure out the lost opportunity here. And your client and his then lawyer wrote a complaint based on those decisions, and then a brief based on those decisions. And it just doesn't seem like there was any meaningful unfair surprise or anything here. Everyone understood this case was going to be about those decisions. Yes, your honor. I think at the end of the day, the defendant below took a sort of a tactical litigation decision not to attach those decisions. Just for what it's worth, in my experience, since we're all talking about it, sometimes the government forgets to attach them and I get very cranky and say, where are my decisions? So it does happen. Fair enough. But this is certainly not a situation in which they said, for example, see exhibit a and then there was no exhibit a right. They took a decision with a tactical or, or in Providence, they took a decision to essentially attack the four corners of the complaint. And so the opposition to, you know, on a facial 12 v one, which is held to the same standard as a 12 v six, right? So they they're attacking the allegations in the complaint. And, you know, the plaintiff responded there to, right, responded by doing his level best to explain why the, in his mind, the complaint was sufficient. And one of the explanations he gives is that it properly raises this issue about cohabitation prior to the marriage versus marital cohabitation, which is a legal mistake by USC is it's a it's a wrong interpretation of the statute. And USC is actually now recognizes it to be a wrong interpretation of the statute. Okay. And at the end of the day, and then what was the problem with that? Because that is what the district court decision turned on. So again, what I guess maybe in technical terms, what's the prejudice here? Like what, what, what is it your client would have said differently had he only known this case was going to be about these decisions? So no, sorry, I don't mean to leave the impression that somehow the plaintiff thought the case was going to be about something other than the decisions at core. There was a motion presented to the court that said that the complaint wasn't good enough. The plaintiff responded to that and said, actually, I think this complaint is good enough. And then from there on, everyone is sort of left thinking that the court is going to decide whether or not the complaint is good enough. The court then says, I actually want to see the substance of the decisions. And I'm going to look at the substance of the decisions. And I'm also going to see every, I'm going to see the whole administrative record, right? So essentially, everyone is sitting here thinking, all right, this is sort of turning into summary judgment territory. Right. But then at the end of the day, a snap sort of surprise decision came out prior to the administrative record being filed. And there, there was no opportunity to brief the substance of the decision. Is this what I'm forgetting? I thought the decision that comes out is about the four corners of the complaint and whether or not the complaint is alleging anything other than an evidentiary weighing dispute. So that's the piece of the puzzle I'm missing. If the district court had then issued an opinion saying, forget all that stuff, you guys briefed. Now I have the opinions and I would like to decide this case on a different ground based on say the precise wording of those opinions. Then I sort of understand the, what went wrong here, but given that the district court decision is based on the same issue that was in fact briefed, why does it matter? I actually, the way I read the district court opinion is actually the latter your honor, but even if it were, even if it were the former, I think that this is absolutely a case in which, you know, one could not say that it would be futile to amend. Right. At the end of the day, denying leave to amend was an abusive discretion because you know there was, there was shown to be some there, there, there was shown to be at least a scrap of meat on these bones. And so therefore futility can't be shown. And that's really the only argument that appellees are making against leave to amend. And so it was an abusive discretion. You know, if one reads the district court decision and takes all of the references, the pages and pages of, you know, references to the actual USCIS decision and says, that's all really kind of background and is immaterial to the holding and the sort of dicta as it were. If one reads the district court decision in that manner, then this was clearly a case in which futility cannot be, it would not be futile to amend. Can I ask a related question here? So we we've said in a number of cases like Wilmer and a bunch of others that where there's not a sort of independent motion and where there's not a proposed admitted complaint, the district court's discretion is at its height. And we don't sort of look for futility or anything else that like that's sort of sufficient and sort of help me understand why that's not the story here. I mean, there wasn't a lot of information given that would have suggested to the district court that an amendment here would solve the problem. It's certainly right. I think that the, I'm not aware of a rigid rule that requires that in the context of a 12b6 motion to dismiss right or a facial 12b1, which is held to 12b6. I'm not aware of a rigid rule that requires that an opposition to a 12b6 that says, well, I think I did good enough in my complaint, but in the alternative, I should be granted the to amend. I'm not aware of a rigid rule that says that that has to be done by means of a separate pleading with a proposed amended complaint attached there too. Certainly this is all committed to the sound discretion of the district court, but this court has held that, you know, the three factors that are taken into account, right, are prejudice to the opposing party, which is not alleged here, bad faith, which is not alleged here and futility. And so the, I mean, just to give you the response, it says where they fail to formally move to amend and fail to provide a proposed amended complaint or indication of the amendments to make, the district court does not abuse its discretion in denying a leave to amend. So I take that to mean when the first two conditions hold, then it is definitionally not an abuse of discretion. Now, of course, a district court could grant the motion to amend, but in essence, this is of what's happening. We're not going to find the district court abuse its discretion for failing to ferret out what you might've wanted to do had you like articulated it. Certainly, your honor. And I just, my only response to that would be, it was that I think that on the procedural posture of this case, it's quite distinguishable, right? Precisely because we're in this moment of time where all the parties are in the understanding that the full administrative record is about to be filed. And then the court sort of short circuits that. So for that reason, I think that case is distinguishable, your honor. Yeah, I think that's what makes it different, doesn't it? Exactly. Because they were told this was going to be all on the pleadings. This was going to be on the pleadings, 12B1. And then you get the opinion, you ask for that record, and then all of a sudden you get 12B6 dismissal. So I agree with Judge Richardson, normally that's a situation where you would do that, but this is different. And that's why I'm saying the difference looks like it's all falling down on him and nobody else. If the court, after looking at those documents, say, this case really is a motion to dismiss 12B6. I want to hear your views on that. But instead you just make the shift and all they get is an opinion and not a chance to admit it. That's the problem with the case. That's the unfairness of it. Not necessarily whether or not he would or would not prevail. That's not the question. The question of justice is procedure. We hope that their outcome will be the right one, but we judge it based on the process. And then you switch this thing around and tell everybody, look, I see what counsel is doing when somebody said, you don't even, 12B1, I'm not going to open the door to make a situation where I might get bounced out if you're going to just do it on the pleadings. But you want to stay in there. Then he didn't know until an opinion comes out that, no, this is the whole shenanigans and the case is dismissed and you don't get a chance to even amend or respond to it. And that just seems like, as I would say, is not a fair fight. Yeah. I mean, this is a blessedly rare situation, right? I mean, fortunately, cases of this nature do not come before this court with any regularity. If anything, we can say it's sui generis, but we're certainly not arguing that any one of the, what we are calling errors by the district court in and of itself is enough to require this court to find discretion. But when you look at the constellation, right, when you look at the procedural posture combined with the denial of belief to amend combined with, I think when you look at all of those together, this court can find that just on these facts, the district court abused its discretion in the manner in which it decided the case. I'm sorry. I'm so sorry. Can I just ask one clarifying question? I thought you were arguing. You don't have to look at anything else. This complaint raises a legal question. The district court said it didn't. And therefore, the district court dismissed under 12 B1 for lack of jurisdiction. And that was a mistake. And it really doesn't matter what else happened. That's just a legal error. Like now you're saying no, no, no. One of these things was a mistake. I have to look at all of them together to get to the district court having made a mistake here. I apologize, your honor. My last comment was with regards to the sort of discretionary issues before the district court, whether the complaint stated you know, jurisdiction is a legal issue, which this court used to no vote. Yes. No, you're absolutely right to correct me because I was a little unclear about that. Your honor. Thank you. Sorry, sir. I'm referring to the discretionary questions, which are the leave to amend, you know, asking for the documents, you know, issues around timing. Those are all things that are committed to the discretion of the district court. And when you take all of those together, I think that this court can find an abusive discretion. Thank you, counsel. Thank you both. Your personal greeting we'll have to do. We appreciate your arguments and thank you much and be safe. Thank you. Thank you.
judges: Roger L. Gregory, Pamela A. Harris, Julius N. Richardson